CHRISTOPHER F. COLLINS *vs.* HENRY D. SMITH & Trustees.

Additional answers may be filed by a trustee in foreign attachment by leave of court, even after the plaintiff has filed allegations and taken testimony by deposition thereon; and if so filed, are conclusive.

A consignee of goods, who has agreed to make advances thereon to the consignor by promissory notes to half their value, and more if he chooses, and been authorized, in case of danger of his being served with a trustee process against the consignor, to appoint any person the consignor's agent, cannot be charged as trustee in such a process for the amount of notes given just before service thereof to a clerk of his own as agent of the consignor in order to avoid being charged as such trustee.

TRUSTEE PROCESS, returnable at March term 1855 of the superior court of Suffolk. The plaintiff and defendant resided in Connecticut. Parker, White and Gannett, partners doing business in Boston, being summoned as trustees, appeared and filed

general answers, and afterwards specific answers to interroga-tories of the plaintiff, in which they stated that Smith, the prin-cipal defendant, consigned to them a quantity of merchandise for sale, under an agreement that they should make advances thereon to half its value, or more if they should think proper, by their promissory notes, to be paid by the defendant at maturity if the trustees should not have sold enough to pay them; that a short time before the service of this process on them, he wrote to them, asking for two notes for $500 each, (which was more than they were bound to advance under this agreement,) and before this letter had been answered, Parker, one of the trustees, fearing the service of a trustee process on them, made and de-livered to Benjamin D. Osgood, their bookkeeper, two promis-sory notes for $1000 and $500, signed in the name of the firm, and payable to Smith's order, and told Osgood to enter them in the proper books, and charge them to Smith, and then to take them as Smith's agent and deliver them to him and no one else, and not to give them back to any of the trustees; that Osgood received the notes accordingly, and sent them before the service of this process to the defendant, who received and accepted them before the entry of the action, but at what exact time the trustees did not know; that the notes were thus from the time of their delivery to Smith put out of the possession and control of the trustees, and were afterwards paid by them at a bank in Boston, without any agreement that they should be indemni-fied if charged in this process; and that at the time of the ser-vice of the writ they had on hand a quantity of the merchandise, which they afterwards sold for $1680.21 above all expenses and commissions.

At November term 1856 the plaintiff filed allegations of facts not stated or denied in the trustees' answers, and by agreement of parties the testimony of Smith and others was taken thereon by deposition. After the evidence had been taken, the trustees moved for leave to file further answers, which was objected to by the plaintiff, but granted by the superior court. At the trial upon these allegations at May term 1857, *Abbott*, J. ruled that these answers were to be taken as conclusively true.

In these answers they stated that at the time of making the agreement with Smith for the consignment it was agreed between him and Parker that in case any danger should arise of their being summoned as Smith's trustees, Parker might act as his agent, and appoint other persons agents of Smith if Parker should think best; that Parker in appointing Osgood agent of Smith acted and intended to act in pursuance of that agreement; that Parker, believing he had put the notes entirely out of his and his firm's possession at the time of service, told his counsel so, but did not tell him of the previous agreement, not understanding the necessity of it; but, after Smith's deposition was taken, in which this agreement was disclosed, Parker was instructed that the agreement ought to form part of the answer, and it was so made.

Upon the allegations of fact, the judge found that neither note was delivered to the defendants, nor Osgood personally appointed by him his agent to receive the notes, before the service of this process on the trustees; but excluded evidence, offered by the plaintiff, that Parker had no authority to constitute Osgood Smith's agent to receive them. The plaintiff alleged exceptions to the rulings of the judge.

*J. D. Ball,* for the plaintiff.

*C. Demond,* for the trustees.

MERRICK, J. This case was tried by the superior court, upon allegations of facts, filed by the plaintiff, concerning which the parties who had been summoned as trustees of the defendants made no statement in their original answer. They had, however, by leave of court, after the allegations of facts had been duly filed, and after the parties had proceeded to take, in the form of depositions, the testimony of several witnesses preparatory to the trial, made a further and additional answer, which contained full and distinct statements relative to the same facts to which the allegations filed by the plaintiff referred. It was ruled by the court, against his objection, that this additional answer was properly allowed and received, and that all the statements made in it by the trustees must, for the purpose of determining how far they were to be charged, be considered

and taken to be true. To each of these rulings the plaintiff excepted.

It is, however, clear that in both particulars they were entirely correct. No provision in the general statute regulating proceedings in processes of foreign attachment fixes the time when, or within which, while the term of the court where the suit is depending continues, persons summoned as trustees shall appear and put in their answer to the allegations in the writ. Rev. Sts. *c.* 109. The practice act in one particular supplies this deficiency, and limits the time, unless it be for good cause enlarged by the court, within which an appearance may be entered and the general answer filed. *St.* 1852, *c.* 312, § 56. But the proceedings do not terminate upon filing the answer; the supposed trustee is to remain and submit himself to examination upon oath. This is to be conducted under the control and direction of the court, and may be continued by interrogatories proposed by the plaintiff until full disclosures in relation to all pertinent objects of inquiry shall be made. And it has been distinctly determined that, after all this has been done, it is competent for the court to receive a new and additional answer upon the trustee's own motion, without a new interrogatory from the other party. *Hovey* v. *Crane,* 12 Pick. 167. And justice certainly requires that whenever, at any stage of the proceedings before ultimate judgment, it is discovered that a fact has been stated incorrectly, or in terms so imperfect as to admit of an inference or an implication not intended, or that through inadvertence or misapprehension material facts have been wholly omitted in previous statements, opportunity should be afforded for any further disclosures which are indispensable to correct or prevent the occurrence of errors. *Carrique* v. *Sidebottom,* 3 Met. 297.

The objection relied on by the plaintiff to the permission which was given to the alleged trustees to make an additional answer is that it came too late. He contends that there are two entirely distinct stages in the proceeding against a person who has been summoned as the trustee of a debtor; and that as soon as allegations of facts, concerning which there has been neither statement or denial by the supposed trustee, have been

filed by the plaintiff, the examination is necessarily brought to an end, and the trustee is precluded from all further explanation or answer  But there is nothing in any of the provisions of the statute to sustain this position.  The plaintiff cannot, by his own choice of time in filing allegations of facts respecting which no disclosures have been made, preclude a party from his right, under the responsibility to which the law subjects him, to make the statement of facts within his own personal knowledge, upon which his liability as a trustee of the debtor is finally to be determined.  His examination is to be conducted, and his additional answers are to be put in, under the authority of the court.  His right is not absolute to make new and additional statements at any and every possible point in the course of pro· ceedings in the cause.  His right ceases after filing his general answer and replying in detail to all interrogatories propounded to him, unless in the exercise of the judicial discretion he is permitted to make some addition to supply deficiencies, through which, without it, irreparable injury might be incurred.  Such discretion ought always to be exercised with discrimination and care; and it may safely be presumed that such permission will never be given when there is reason to apprehend that, if granted, it would be the means of working injustice.  In the present case, although the question whether the respondents should be allowed to make additional answers was strictly within the discretion of the court to which the application was made, and therefore the determination made respecting it is not open to exception or reëxamination by another tribunal, we feel no hesitation in saying that the authority of the presiding judge was, in this instance, judiciously exercised.  It was satisfactorily shown, before the permission was given, that a statement of the facts set forth in the additional answer was omitted through a mere misapprehension of their pertinency, and that the disclosure sought to be made was really essential to the protection of his rights.

The additional answer of the respondents being thus properly allowed, the effect of it is conclusively fixed by the provisions of the statute.  It must be considered true.  Rev. Sts. *c.* 109

§ 15. And if all the pertinent statements contained in it must, by virtue of a positive provision of law, be accepted and dealt with by the court as the truth in determining how far the supposed trustee shall be charged, all extrinsic evidence upon the subject is immaterial and useless. The facts offered need no confirmation, and cannot be controverted, because, being by a positive rule of law to be taken as true, they are not open to disproof. All the evidence offered by the plaintiff upon this subject was therefore properly excluded. *Exceptions overruled.*

The parties then submitted to the decision of this court upon the trustees' answers the question for what amount the trustees should be charged. And the plaintiff's counsel cited *Dennie* v. *Hart,* 2 Pick. 204; *Williams* v. *Marston,* 3 Pick. 65; *Hooper* v. *Hills,* 9 Pick. 435; *Kimball* v. *Thompson,* 4 Cush. 441; *Sturtevant* v. *Robinson,* 18 Pick. 175.

Merrick, J. The question is whether the amount of the two notes for $1000 and for $500, given to the defendant Smith, and delivered to his agent just previously to the service of the writ, are to be deducted from the net proceeds of sales of the goods consigned by him to the respondents.

Under the contract upon which the goods were consigned, the trustees were bound to make advances to the half of their value, and were at liberty, at their own option, to make advances to any greater amount. This was a valid and unobjectionable contract; and therefore they had a right to avail themselves, whenever they chose to do so, of any of its stipulations, no matter what might be their motive in executing the contract. It was for them to judge for themselves whether they would or would not take advantage of any provision contained in it, where they had reserved to themselves the right of choice. Others could not in this matter interfere with them. It was their privilege to say whether they would or would not make advances beyond a moiety of the value of the goods consigned; if the additional advance was made, no stranger to the contract could interpose any objection against it. They did in fact make their election and sought to avail themselves of their privilege. And

accordingly the two notes, amounting together to the sum of $1500, which were delivered to the agent of Smith for that purpose, were an advancement under the contract upon the goods consigned to them, and created a lien thereon to that extent in their favor. This was strictly within the terms of the contract, and in part performance of it; and they had the right to all the benefits and advantages which this would secure to them. *Wood* v. *Bodwell*, 12 Pick. 268. They were afterwards accountable to Smith, and consequently to his creditors, under any attachment which could be made by them, only for the balance which would remain after deducting that sum from the net proceeds of sale. This balance being found to be $180.21, that is the sum for which the respondents are chargeable in this process.                    *Trustees charged accordingly.*